# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN DONALD KELSO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-10-40-F |
| | ) |
| CARLOS LUNA, DIRECTOR OF PATTON STATE HOSPITAL;[1] CALIFORNIA DEPARTMENT OF CORRECTIONS DIRECTORS; CALIFORNIA DEPARTMENT OF MENTAL HEALTH; CALIFORNIA DEPARTMENT OF PUBLIC HEALTH DIRECTOR, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. #1] has been conducted pursuant to 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. 1915A. For the reasons set forth below, it is recommended that the action be dismissed as this Court lacks personal jurisdiction over the defendants.

## I.   **Plaintiff's Claims**

Plaintiff is incarcerated in the Hall of Justice Jail in Fairfield, CA. *See* Doc. #13. Plaintiff wants to be placed in protective custody. He states that he was housed in the protective custody unit of the Oklahoma State Penitentiary for fourteen years.

---

[1]Patton State Hospital is located in Patton, CA. *See* http://www.dmh.ca.gov.

In Count I, Plaintiff states that his constitutional rights have been violated because he has not been represented by an Oklahoma lawyer who understands the Grapes of Wrath. He seeks appointment of an attorney who was born in America, who is a "white Gentile," and who "scores over 80% SAT and 85% ACT." Complaint at 3.

In Count II, Plaintiff states that his due process rights "to not be housed with life sentenced prisoners" is being violated. He further states that as a "white Anglo Saxon protestant," he should be housed with other "WASPS & white Gentiles." *Id.*

In Count III, Plaintiff states that he has suffered cruel and unusual punishment. He claims his hands have been cut and his foot has been hurt. According to Plaintiff, denying him the opportunity to be placed in protective custody is, of itself, cruel and unusual punishment. *Id.* at 4.

As for relief, Plaintiff requests this Court to order California Department of Corrections personnel to place him in protective custody or in an institution "with a quota system" based on California's racial balance. He would have this Court fine the State of California in the amount of $100,000. He asks this Court to appoint a "white WASP" lawyer over forty-years-old but under seventy-years-old to represent him. Finally, he asks this Court to assess punitive damages against the California defendants in the amount of $20,000 to be credited to his institutional long term fund.

## II. Standard for Dismissal of In Forma Pauperis Complaint

Notwithstanding any filing fee, or any portion thereof that may have been paid, it is the responsibility of this Court to dismiss a claim at any time if it determines that the action is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

For § 1915 purposes, a claim is frivolous if it lacks an arguable basis in law or fact. *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981); *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (*citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A claim is legally frivolous if it alleges an infringement of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327. In reviewing the sufficiency of a complaint, the Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009).[2]

## III. Analysis

Although §1915 contains no express authorization for a dismissal based on lack of personal jurisdiction, the Tenth Circuit Court of Appeals has held that a district court may, in certain limited circumstances, properly dismiss an action *sua sponte* under § 1915 based on an affirmative defense. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006);

---

[2]The Court notes that most of Plaintiff's claims are based on non-existent "rights."

*Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995). These precedents are consistent with the Supreme Court's description of congressional intent in enacting § 1915:

> Section 1915(d) [the precursor to § 1915(e) ] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Neitzke v. Williams* at 327. In light of policy considerations, and despite the fact that lack of personal jurisdiction is an affirmative defense[3] which can be waived if not properly raised, *see* Fed. R. Civ. P. 12(h)(1), the Tenth Circuit has concluded "that a district court may . . . dismiss under § 1915 for lack of personal jurisdiction and for improper venue[.]" *Trujillo v. Williams*, 465 F.3d 1210, 1216 -1217 (10th Cir. 2006). Courts are cautioned, however, that such *sua sponte* dismissals are appropriate "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Id.* at 1217 (internal quotations and citations omitted). District courts "may dismiss under § 1915 only if it is clear that [the plaintiff] can allege no set of facts to support personal jurisdiction or venue." *Id.* (internal quotations and citation omitted).

---

[3]As part of the Prison Litigation Reform Act, Congress added failure to state a claim upon which relief may be granted, also an affirmative defense, to the bases upon which a district court may dismiss a complaint *sua sponte*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

On its face, the Complaint against these California Defendants is subject to dismissal based upon lack of personal jurisdiction. To determine whether a federal court has personal jurisdiction over a defendant, the court must consider "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (quotations omitted). Section 1983 of title 42 of the United States Code, which allows civil rights actions against defendants acting under color of state law, does not, by itself, confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims. *See Trujillo v. Williams*, 465 F.3d at 1217. In the absence of a specific federal statute governing personal jurisdiction, Fed. R. Civ. P. 4(k)(1)(A) refers courts to the jurisdictional statutes of the forum state, in this case, Oklahoma's "long-arm statute." "Oklahoma's long-arm statute authorizes jurisdiction coextensive with the Due Process Clause[.]" *United States v. Bigford*, 365 F.3d 859, 873 n.11 (10th Cir. 2004). "[I]f jurisdiction is consistent with the Due Process Clause, Oklahoma's long arm statute authorizes jurisdiction over a nonresident defendant." *Tomlinson v. H&R Block, Inc.*, 151 Fed. Appx. 655, 657, (10th Cir. Oct. 12, 2005) (unpublished op.).

The exercise of jurisdiction over a nonresident defendant comports with due process only "'so long as there exist minimum contacts between the defendant and the forum State.'" *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (*quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). The

minimum contacts necessary for specific personal jurisdiction may be established where "the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." *In re Application to Enforce Administrative Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)). The minimum contacts standard is also satisfied, and a court may maintain personal jurisdiction over a nonresident defendant, based on the defendant's "continuous and systematic" general business contacts with the forum state. *Helicopteros Nacionales v. Hall*, 466 U.S. 408, 415 (1984).

In the instant case, nothing in Plaintiff's Complaint demonstrates that this Court's exercise of jurisdiction over Defendant Luna, Defendant Directors of the California Department of Corrections, Defendant California Department of Mental Health, or Defendant Director of the California Department of Public Health would satisfy the requirements of the Due Process Clause. Plaintiff has alleged no facts suggesting that these Defendants have purposely directed activities toward this jurisdiction, that the underlying action is based upon activities that arise out of or relate to any contacts these Defendants have with the forum, or that these Defendants have engaged in systematic and continuous activity in Oklahoma. Given the claims raised in Plaintiff's Complaint, it does not appear that Plaintiff could allege facts sufficient to support such a conclusion. Accordingly, this Court does not have personal jurisdiction over any of the named Defendants.

This Court could, however, *sua sponte* cure a jurisdictional defect by transferring the suit under 28 U.S.C. § 1631. Such a transfer would be proper if it were in the interests of justice. *See Trujillo v. Williams*, 465 F.3d at 1222-1223. The Tenth Circuit has enumerated several factors a court should consider when deciding whether to transfer instead of dismissing the case:

> We note that factors warranting transfer rather than dismissal, at least under § 1631, include finding that the new action would be time barred; that the claims are likely to have merit; and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper[.]

*Id.* at 1223 n. 16 (internal quotations and citations omitted). In this case, Plaintiff's claims are, at best, subject to dismissal for failure to state claims upon which relief may be granted, and are at worst legally frivolous. A state inmate, for example, has "no constitutional right to refuse to share a cell with a non-white inmate." *Mendenhall v. Saffle*, 42 Fed. Appx. 111, 113, 2002 WL 1227480 *2 (10th Cir. Jun. 6, 2002) (unpublished op.). Likewise a state inmate's constitutional right to representation of counsel does not extend to civil rights actions, *see Beaudry v. Corrections Corp. of America*, 331 F.3d 1164, 1169 (10th Cir.2003) (there is no automatic right to appointment of counsel in a civil rights case), and the constitution certainly does not require appointment of an attorney who is adept at taking standardized tests, who meets certain age requirements set by the defendant, who is the same race as the defendant, or who hails from the same geographical area as the defendant. As to Plaintiff's conclusory claims that he is being subjected to cruel and unusual punishment, Plaintiff has alleged no facts to support such a claim against any of the named defendants.

Finally, Plaintiff knew or should have known that this Court is not the proper venue for filing an action against a citizen or agency of the State of California. In view of the particular facts in this case, transferring this action to a proper forum would not serve the interests of justice and would, in fact, be a waste of judicial resources. It is therefore recommended that Plaintiff's claims be dismissed without prejudice.[4]

## RECOMMENDATION

It is recommended that the Complaint [Doc. #1] be dismissed without prejudice pursuant to 28 U.S.C. 1915 for lack of personal jurisdiction.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by July 20th, 2010. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

---

[4] "[A] jurisdictional defect calls for dismissal without prejudice." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

ENTERED this  29th  day of June, 2010.

*(signature)*

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE